**In re FAIRFIELD LUMBER & SUPPLY CO., Debtor.**

**Bankruptcy No. 92–52987.**

United States Bankruptcy Court, D. Connecticut.

Nov. 19, 1997.

Christopher M. Royston, Coan, Lewendon, Royston, Deming & Gulliver, New Haven, CT, for Taiga Forest Products, Ltd.

Suzanne B. Sutton, Kaligian & Sutton, Orange, CT, for Official Committee of Unsecured Creditors.

Stuart Bear, Zeldes, Needle & Cooper, Bridgeport, CT, for Debtor-in-Possession.

## MEMORANDUM OF DECISION ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND MOTION TO COMPROMISE

ALBERT S. DABROWSKI, Bankruptcy Judge.

### I. INTRODUCTION

This contested matter arises from a challenge by the debtor-in-possession to the advisability of a claim settlement between the unsecured creditors' committee and a trade creditor holding alleged reclamation rights. Because the debtor-in-possession waived its right to object to the settlement, and such settlement falls within a range of reasonableness, the Court will approve the settlement over the present objection of the debtor-in-possession.

### II. JURISDICTION

The United States District Court for the District of Connecticut has subject matter jurisdiction over the instant contested matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. § § 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B).

### III. BACKGROUND AND ANALYSIS

The debtor, Fairfield Lumber Company (hereafter referred to as "Fairfield"), filed a voluntary Chapter 11 petition on September 2, 1992. At all post-petition times relevant hereto, Fairfield was a "debtor-in-possession" within the meaning of 11 U.S.C. § 1101(1),

with the powers and duties set out at 11 U.S.C. § 1107(a), *inter alia.*

It is undisputed that within the 10 days prior to the filing of Fairfield's bankruptcy petition, Taiga Forest Products, Ltd. (hereafter referred to as "Taiga"), delivered to Fairfield certain goods (hereafter referred to as the "Goods"). The Goods had an invoice price of $80,837.79. It is also undisputed that, but for the existence of an undersecured security interest (hereafter referred to as the "FDIC Lien") attaching to the Goods, Taiga would have been entitled to reclaim the Goods under Bankruptcy Code Section 546(c)(1) (1992) and Section 2–702(2) of the Uniform Commercial Code as adopted in Connecticut, C.G.S. § 42a–2–702(2).

Conceding that physical reclamation of the Goods or their cash proceeds would be impossible given, *inter alia,* the FDIC Lien, Taiga filed a "Motion for Allowance of Priority Administrative Claim" (Doc. I.D. No. 197) on April 14, 1993 (hereafter referred to as the "Motion for Allowance"). The Court scheduled a hearing on the Motion for Allowance for June 8, 1993. On June 7, 1993, the Official Committee of Unsecured Creditors' (hereafter referred to as the "Committee") objected to the Motion for Allowance. No other party—including Fairfield—objected to the Motion for Allowance.

Taiga and the Committee agreed to seek, and did obtain, a suspension of proceedings on the Motion for Allowance pending an assessment of the administrative solvency of the bankruptcy estate. Taiga and the Committee subsequently negotiated a settlement of the Motion for Allowance which proposes to provide Taiga with an administrative priority claim in the amount of $40,000.00, with the remainder of its claim ($40,837.79) to be treated as a general unsecured claim (hereafter referred to as the "Settlement"). The Settlement has been presented to the Court for approval pursuant to Fed.R.Bank.P.

9019(a) via the Committee's "Motion to Compromise Claim" (Doc. I.D. No. 642) filed August 19, 1994 (hereafter referred to as the "Motion to Compromise"). The Motion to Compromise came before the Court for hearing on October 31, 1994, and Fairfield objected to its approval.

 The Court concludes that the Committee's filing of the Motion to Compromise was unnecessary and ill-advised. Bankruptcy Rule 9019(a) refers only to a "trustee" as the proper movant for approval of a compromise. At no time relevant to the instant matter was the Committee authorized to exercise the rights and/or duties of a trustee or debtor-in-possession. When the Motion for Allowance was settled between its only two disputing parties—Taiga and the Committee—those parties should have simply informed the Court of that fact through the submission of a stipulated proposed order, or other similar device.

 Fairfield effectively waived its interest in the instant matter by failing to object to the Motion for Allowance. Having made itself a stranger to that initial dispute, it cannot now interject itself back into the matter by objecting to an unnecessary pleading filed by the Committee.[1] Accordingly, this Court is not required to assess the reasonableness of the Settlement under standards applicable to the approval of trustee or debtor-in-possession compromises, and will order allowance of the claims of Taiga consistent with the Settlement.

 Nonetheless, even if the Committee were required to seek approval of its compromise, under Bankruptcy Rule 9019(a) or otherwise, this Court would still approve the Settlement. The ultimate issue in such a matter is whether the proposed settlement falls below the lowest point in a range of reasonable settlements. *See In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir.1983)

---

1. The Court questions why Fairfield would contest the Settlement. It is undisputed that Fairfield is not operating, and there are no apparent circumstances under which any of the funds at issue could reach the level of equity interests. As for protection of the interests of unsecured creditors, the Committee is the most appropriate party to represent those interests. And even if Fair-field is concerned about payment for its professionals and/or other non-Taiga administrative creditors (assuming, without deciding, that such a concern is a legitimate interest for a debtor-in-possession), it is undisputed that all administrative claims in this case will be paid even if the Settlement is approved.

(case decided under Bankruptcy Act); *In re Marshall*, 33 B.R. 42, 43 (Bankr.D.Conn. 1983). A court's function, with respect to motions to compromise, is not to determine the ultimate merits of the underlying matter, but rather to "canvass" the issues to determine whether, given all the circumstances of the case, the compromise is within a range of reasonable settlements. *See id.* Having reviewed the undisputed facts and legal memoranda of the parties, and having independently canvassed the law, this Court concludes that the Settlement falls within the range of reasonable settlements of a matter of this nature.

## IV. CONCLUSION

Upon the foregoing analysis, an order shall enter in accordance with the Settlement between the Committee and Taiga.

## ORDER OF ALLOWANCE OF CLAIMS

The above-captioned matters having come before the Court after due notice; the Court having received the evidence and arguments of the parties, and having this day entered its Memorandum of Decision on Motion for Allowance of Administrative Claim and Motion to Compromise, in accordance with which,

IT IS ORDERED that Taiga Forest Products, Ltd. be, and hereby is, allowed an administrative priority claim in the amount of $40,000.00 pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1); and

IT IS FURTHER ORDERED that Taiga Forest Products, Ltd. be, and hereby is, allowed a general unsecured claim without priority in the amount of $40,837.79.